Filed 1/14/26  P. v. Cicero CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CASEY JOSEPH CICERO,<br><br>Defendant and Appellant. | C101844<br><br>(Super. Ct. No. 00F06251) |

Defendant Casey Joseph Cicero appeals from the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  Appointed counsel asked this court to review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and defendant filed a supplemental brief asserting various contentions.  Consistent with *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we will limit our review to the contentions raised in defendant's supplemental brief.

---

[1] Undesignated statutory references are to the Penal Code.  Defendant's petition was filed under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.) We will refer to the current section.

Defendant contends (1) the prosecution's sole murder theory at trial was felony murder, which imputed malice to defendant based on his participation in the underlying felony; (2) because the jury deadlocked on whether defendant used a weapon, the jurors may have believed his accomplice used the weapon; (3) this case is subject to *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), but the jury was never instructed on those factors; and (4) defense counsel was ineffective in presenting argument at the evidentiary hearing.

Finding defendant's contentions forfeited or without merit, we will affirm the trial court's denial of the petition for resentencing.

## BACKGROUND

We derive the following facts from this court's prior opinion on direct appeal (*People v. Cicero* (July 9, 2003, C039206) [nonpub. opn.]), but we do not rely on them to address defendant's contentions. In July 2000, defendant and Maria Tenorio planned to rob a patron of an adult theater. Defendant ultimately stabbed and killed the victim, Peter Trujillo. A jury convicted defendant of first degree murder (§ 187, subd. (a)) and found true the special circumstance allegation that in committing the murder, defendant committed a robbery or attempted robbery (§ 190.2, subd. (a)(17)). However, the jury deadlocked on an allegation that defendant used a deadly weapon, a knife. (§ 12022, subd. (b)(1).) The trial court declared a mistrial on the allegation, which the court dismissed on the People's motion. The trial court sentenced defendant to life without the possibility of parole.

In July 2022, defendant filed a section 1172.6 petition, and the trial court appointed counsel for defendant. After the People conceded that defendant had made a prima facie showing, the trial court issued an order to show cause and received additional briefing. The prosecution submitted the record from the original trial as the evidence it intended to rely on at the evidentiary hearing. Neither party submitted any additional evidence. The trial court conducted an evidentiary hearing and denied the petition.

2

Additional background is set forth in the discussion as relevant to the contentions on appeal.

APPLICABLE LAW

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended the law "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It also added section 1172.6, which allows those convicted of murder under a now-invalid theory to petition the trial court for resentencing. (§ 1172.6, subd. (a).) If the defendant makes a prima facie showing of entitlement to relief, the trial court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c), (d).)

Upon issuance of an order to show cause, the prosecution bears the burden to "prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).) With certain exceptions, admission of evidence at an evidentiary hearing under section 1172.6 is governed by the Evidence Code. (§ 1172.6, subd. (d)(3).) "The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (*Ibid.*) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid.*)

In *Delgadillo*, the California Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded that such procedures are not required. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court explained that when a defendant files a supplemental brief in such an appeal, we must evaluate the specific arguments presented

3

in the brief, but we need not conduct an independent review of the entire record to identify unraised issues.  (*Id.* at p. 232.)

DISCUSSION

I

The People filed an amended information that lined out the words "and with malice aforethought" from the murder charge.  In response to the trial court's inquiry, the prosecutor confirmed that the language would not be part of the charge because the People were "proceeding solely on a felony murder theory . . . ."  In closing argument, the prosecutor told the jury that defendant's intent did not matter because the charge was felony murder.

Given the People's reliance on the felony murder theory at trial, defendant now argues that he disagrees with what he says were the People's assertions in their evidentiary hearing brief and in argument at the evidentiary hearing that the evidence showed premeditation and deliberation.  In fact, the People argued in their brief that defendant was guilty, under current law, of felony murder as the actual killer because he stabbed and killed the victim.  They further argued that he was also guilty of first degree premeditated murder and second degree murder under an express malice theory. The People requested findings by the trial court on those alternative theories of murder.

At an evidentiary hearing under section 1172.6, the prosecution is not limited to the theory or theories relied on at trial.  The trial court is required to decide whether the prosecution has carried its burden beyond a reasonable doubt that the defendant could be convicted of murder.  (§ 1172.6, subd. (d)(3).)  In making that determination, the trial court sits as an independent trier of fact to determine, in the first instance, whether the petitioner committed murder under the law as amended by Senate Bill No. 1437. (*People v. Guiffreda* (2023) 87 Cal.App.5th 112, 123; *People v. Schell* (2022) 84 Cal.App.5th 437, 442.)  The People may offer new theories of liability at the hearing as the court considers whether the prosecution has carried its burden under current law.

4

(*People v. Lopez-Barraza* (2025) 110 Cal.App.5th 1227, 1243 ["the prosecution may rely on different theories even if no new evidence is introduced [citation] and the trial court acts as an independent fact finder"]; see also *Schell*, at pp. 444-445; *People v. Hill* (2024) 100 Cal.App.5th 1055, 1068; but see *People v. Reyes* (2023) 14 Cal.5th 981, 987 ["[W]e express no view on whether a court may deny a section 1172.6 resentencing petition based on a theory of murder not argued by the prosecution at trial"].)

At the conclusion of the evidentiary hearing, the trial court found "overwhelming evidence" establishing beyond a reasonable doubt that defendant committed "first degree premeditated murder, also first degree felony murder," as "the actual personal killer of the victim." Sitting as an independent trier of fact, the trial court found defendant guilty of murder beyond a reasonable doubt based on two theories that remain valid under current law: (1) willful, deliberate, and premeditated murder, and (2) felony murder where defendant was the actual killer. (§§ 188, 189.)

## II

Defendant next claims that because the jury deadlocked on the allegation that he used a deadly weapon (§ 12022, subd. (b)(1)), the jurors may have believed Tenorio used the weapon. Defendant notes that the probation report described a statement from defendant's trial attorney to the effect that "one of the jurors was not sure if the defendant stabbed the victim but believed the defendant was involved in the crime itself." We conclude the jury's inability to find that defendant used a weapon did not preclude the trial court from finding at the evidentiary hearing that he did.

In a supplemental brief in the trial court, the People brought to the trial court's attention the decision in *Wilson, supra*, 90 Cal.App.5th 903, which held that a jury's inability to reach a verdict on an enhancement allegation that the defendant personally used and discharged a firearm in the commission of a crime did not preclude the trial court in a section 1172.6 evidentiary hearing from finding beyond a reasonable doubt that the defendant was the actual shooter. (*Wilson,* at pp. 905, 916-918.) The court in *Wilson*

distinguished *People v. Cooper* (2022) 77 Cal.App.5th 393, in which the appellate court held that the trial court could not ignore the defendant's acquittal on a charge of being a felon in possession of firearm when it denied a section 1172.6 petition based on the court's belief that the defendant possessed and fired a gun. (*Cooper,* at p. 398.) *Wilson* explained that in *Cooper* "a jury's not-guilty verdict established that the prosecution failed to prove beyond a reasonable doubt that the defendant possessed a firearm. Here, the jury was *unable* to reach a verdict on allegations that Wilson personally used and discharged a firearm in the commission of the crimes. A not guilty verdict precludes subsequent prosecution on a charge; an inability to reach a decision on an enhancement allegation does not." (*Wilson,* at p. 917.)

The reasoning in *Wilson* is applicable here. The jury deadlocked on the deadly weapon enhancement allegation, but it did not find the allegation untrue. The trial court was not precluded from finding that defendant was the actual killer.

Defendant attempts to distinguish *Wilson* by arguing that the defendant in that case had no accomplice or codefendant, whereas here defendant had an accomplice, Tenorio. The holding in *Wilson*, however, was not dependent on the particular facts and evidence presented in that case but rather on the difference between a jury's verdict and its failure to reach a verdict. The trial court did not err in finding that defendant was the actual killer, notwithstanding the jury's inability to reach a verdict on the weapon allegation.

### III

Defendant further claims that his case is governed by *Banks, supra*, 61 Cal.4th 788, and *Clark, supra*, 63 Cal.4th 522, and the jury should have been instructed on *Banks* and *Clark* factors.

In *Banks* and *Clark*, the California Supreme Court articulated factors to be considered in determining whether a defendant was a major participant in an underlying felony and acted with reckless indifference to human life. (See *Banks, supra*, 61 Cal.4th at p. 803 [major participant]; *Clark, supra*, 63 Cal.4th at pp. 618-622 [reckless

indifference to human life].)  Under the amendment to section 189, a person may be convicted of felony murder where the person "was a major participant in the underlying felony and acted with reckless indifference to human life . . . ."  (§ 189, subd. (e)(3).)  But a person may also be convicted of felony murder where the person "was the actual killer."  (*Id.*, subd. (e)(1).)  Here, the trial court found defendant guilty of felony murder as the actual killer.  *Banks* and *Clark* factors are relevant where the defendant was not the actual killer.  (See *People v. Ramirez* (2019) 41 Cal.App.5th 923, 926 [*Banks* and *Clark* "reviewed the factors established by the United States Supreme Court for determining whether an aider and abettor of felony murder who was not the actual killer nor harbored intent to kill, was a major participant who acted with reckless indifference to human life"].)  Accordingly, defendant's contention lacks merit.

IV

In addition, defendant contends he received ineffective assistance of counsel.  An ineffective assistance of counsel claim requires a showing that an attorney's performance was deficient, and that there was resulting prejudice.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687-693.)

Defendant asserts that his attorney's arguments at the evidentiary hearing "were not up to date" with the amendments to sections 188 and 189.  But he does not explain or support his assertion.  "Where a point is raised in an appellate brief without argument or legal support, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' "  (*People v. Murray* (2008) 167 Cal.App.4th 1133, 1143.)

Defendant further argues that when the prosecutor submitted without argument at the hearing, defense counsel should have remained silent, given the People's burden of proof, but instead counsel proceeded to argue that the evidence supported resentencing.  Defendant appears to believe that if defense counsel had not argued at the hearing, there would have been a failure of proof on the part of the prosecution.  Not so.  The evidence the prosecutor relied on was already before the trial court.  As mentioned, the evidence in

this case consisted of the clerk's and reporter's transcripts from the trial submitted as an exhibit to the People's hearing brief.  No other evidence was presented at the evidentiary hearing.  Based on that evidence, the trial court found that the People proved defendant committed murder beyond a reasonable doubt.  Regardless of counsel's argument, "argument is not evidence." (*People v. Breaux* (1991) 1 Cal.4th 281, 313.)  Defendant has not established ineffective assistance of counsel.

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.


           /S/
          MAURO, J.


We concur:


   /S/
EARL, P. J.


   /S/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.